UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAYONA CRENSHAW,

                    Plaintiff,

          v.

DEPARTMENT OF CHILDREN YOUTH
AND FAMILIES et al.,

                    Defendants.

CASE NO. 3:25-cv-06159-DGE

ORDER DISMISSING
PLAINTIFF'S COMPLAINT (DKT.
NO. 6)

This matter comes before the Court on sua sponte review pursuant to 28 U.S.C. § 1915(a). Plaintiff is bringing a suit in forma pauperis ("IFP") pursuant to § 1915(a); accordingly, the Court must do a mandatory and sua sponte review and will dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Plaintiff is also proceeding pro se. While a pro se plaintiff's complaint must be construed liberally, it must

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 6) - 1

nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint appears to be related to a child custody or child welfare case. Plaintiff alleges "[u]nfair legal proceedings" that, among other things, caused "parental kidnapping," abuse of children, and incorrect reporting of child support obligations. (Dkt. No. 6 at 4–5.) At this point, it is unclear who Plaintiff is intending to sue and on what basis. At various points, Plaintiff lists "Children Youth and Families," "DCYF," "Department of Assigned Councel," "Judge Sabrina Ahrens," and "Sabrin Ahrens" as possible defendants. (*Id*. at 1–2, 4.). Plaintiff also identifies an apparent individual—Ahrens—as a corporation and indicates Ahrens may be "incorporated under the laws of the State of DCYF children youth and families" or the "laws of Israle." (*Id*. at 4) (cleaned up).

While pro se plaintiff's complaints will be construed liberally, here it is impossible for the Court to determine on what grounds Plaintiff is basing each claim against each defendant. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (identifying the standard a plaintiff must meet to survive initial review on a constitutional claim).

Additionally, to the extent Plaintiff makes a coherent claim, Judge Ahrens is protected by judicial immunity. "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of his authority; rather, [s]he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–357 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1872).

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 6) - 2

Accordingly, Plaintiff's amended complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's claims against Judge Ahrens are DISMISSED with prejudice.  Plaintiff may file an amended complaint against the other named Defendants no later than **February 12, 2026** addressing the deficiencies noted in this order.  Failure to address the deficiencies noted in this order will lead to **dismissal without prejudice**.

Dated this 22nd day of January, 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT (DKT. NO. 6) - 3