UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAYONA CRENSHAW,

                    Plaintiff,

        v.

DEPARTMENT OF CHILDREN YOUTH
AND FAMILIES et al.,

                    Defendants.

CASE NO. 3:25-cv-06159-DGE

ORDER DISMISSING AMENDED
COMPLAINT (DKT. NO. 9)

This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915(a).

## I     BACKGROUND

Plaintiff, proceeding pro se and in forma pauperis ("IFP"), asserts claims against the Department of Children Youth and Families ("DCYF").[1]  Plaintiff's original complaint was

---

[1] Plaintiff at one point lists the Department of Assigned Counsel as another possible defendant. (Dkt. No. 9 at 2.)  But the Department of Assigned Counsel is not listed in the caption and no facts asserted appear related to the Department of Assigned Counsel.  Accordingly, the Court does not find any cause of action against the Department of Assigned Counsel.

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 9) - 1

dismissed on January 22, 2026.  (Dkt. No. 8.)  She was granted leave to file an amended complaint.  (*Id*. at 3.)

Plaintiff's amended complaint is not a model of clarity, but it appears the basic assertion in the complaint is that a DCYF social worker wrongly "place[d] [Petitioner] in a dependency," leading to Petitioner losing custody of her children and her children getting abused while in foster care.  (Dkt. No. 9 at 4.)  Plaintiff asserts "social workers acted as if they knew nothing" about the abuse but to keep Petitioner from complaining about their treatment of her and her kids, "tried to kill [Petitioner] and pay [her] off."  (*Id*.)  At least one of Plaintiff's children remains in another individual's care.  (*Id*.)  Plaintiff seeks relief in the form of 150 billion dollars.  (*Id*.)

Plaintiff asserts causes of action under the Keeping Families Together Act, the Thirteenth Amendment, the Fourteenth Amendment, and the Civil Rights Act.  (Dkt. No. 9 at 3.)[2]

## II    LEGAL STANDARD

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review.  Complaints will be dismissed if they fail to state a claim or are otherwise frivolous or malicious.  28 U.S.C. § 1915(e).  They will also be dismissed if they seek monetary relief from a defendant who is immune from such relief.  *Id*.

---

[2] Plaintiff's Thirteenth Amendment and Fourteenth Amendment claims are liberally construed as being filed under 42 U.S.C. § 1983.  *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("A litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").  To successfully state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*; *Daniels v. Williams*, 474 U.S. 327 (1986).  Both elements are required.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 9) - 2

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). While a pro se plaintiff's complaint must be construed liberally, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III    ANALYSIS

### A. Plaintiff fails to state a claim under the Thirteenth Amendment.

The Thirteenth Amendment states

"Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
Congress shall have power to enforce this article by appropriate legislation.

U.S. Const. amend. XIII. Plaintiff identifies no connection between the allegations presented in her complaint and the Thirteenth Amendment. Accordingly, Plaintiff's cause of action under the Thirteenth Amendment is dismissed.

### B. Plaintiff's claims under the Fourteenth Amendment fail as a matter of law.

Plaintiff brings claims under the Fourteenth Amendment for Equal Protection, procedural due process, and substantive due process violations. But Plaintiff's claims under the Fourteenth Amendment all fail as a matter of law. Plaintiff sues only the Washington Department of Children, Youth, and Families ("DCYF"). DCYF is a state agency and, as such, Plaintiff's claims are barred by the Eleventh Amendment. *See Mallory v. Washington Dep't of Children,*

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 9) - 3

*Youth, and Families*, No. 3:24-cv-05135-BHS, 2024 WL 1931729, at *3 (W.D. Wash. May 2, 2024) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see also Rogers v. Dep't of Children, Youth and Families*, No. C21-5248-RAJ-MLP, 2021 WL 4238261, at *3 (W.D. Wash. July 22, 2021).  Accordingly, Plaintiff's cause of action under the Fourteenth Amendment is dismissed with prejudice.

**C.  Plaintiff fails to state a claim under the Civil Rights Act.**

A plaintiff must state a facially plausible claim for relief; a claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Here, Plaintiff does nothing more than assert a claim under "statue 983 Civil Rights Act." (Dkt. No. 9 at 3.)  To the extent Plaintiff intends to assert a claim under § 1983, Plaintiff's Thirteenth and Fourteenth Amendment claims have already been dismissed.  To the extent Plaintiff intends to bring a separate claim under a "Civil Rights Act," Plaintiff fails to state a facially plausible claim.  Plaintiff does not identify under which "Civil Rights Act" she is intending to bring her claim, let alone under which title or provision of any Act she is intending to bring her claim. Accordingly, Plaintiff's claim under the "Civil Rights Act" is dismissed.

**D.  The Court declines to exercise jurisdiction over Plaintiff's remaining state law claim.**

Plaintiff's final claim appears to be under the Washington Keeping Families Together Act, Washington Revised Code § 13.34.065(5)(a). *See Matter of Dependency of J.Y.*, 572 P.3d 1254, 1261 (Wash. App. Ct. 2025) (discussing the Washington Keeping Families Together Act). This Court can exercise supplemental jurisdiction over state law claims when "claims [] are so related to claims in the action within such original jurisdiction that they form part of the same

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 9) - 4

case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court can decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction" or if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because there are no remaining federal claims, the Court declines to exercise supplemental jurisdiction over these state law claims. Plaintiff may attempt to pursue that claim in state court.

## IV   CONCLUSION

Based on the foregoing, Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having previously been provided the opportunity to amend her complaint to state a claim, and once again having failed to state a claim invoking this Court's jurisdiction, the Clerk is directed to close this matter.

Dated this 17th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER DISMISSING AMENDED COMPLAINT (DKT. NO. 9) - 5